NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PALVINDRA SINGH,<br><br>        Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No.   20-72614<br><br>Agency Nos.   A208-549-493<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022**
San Francisco, California

Before: SILER,*** S.R. THOMAS, and CALLAHAN, Circuit Judges.

Palvindra Singh ("Singh") petitions to review the Board of Immigration

Appeals' ("BIA") final removal order. Our jurisdiction is governed by 8 U.S.C. §

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

1

1252. We deny the petition regarding the removal order because the BIA's denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") is supported by substantial evidence. *Plancarte v. Garland*, 9 F.4th 1146, 1151 (9th Cir. 2021) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000).

1.      Singh claims he is entitled to asylum and withholding of removal as he cannot return to India "because of persecution or a well-founded fear of persecution on account of . . . membership in a particular social group, or political opinion." *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A).

To establish eligibility for asylum based on past persecution, "an applicant must show: (1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." *Navas v. INS*, 217 F.3d 646, 655-56 (9th Cir. 2000).[1]

Singh claims he was persecuted twice on account of his membership in the Bahujan Samaj Party ("BSP"), a minority political party; first, by a group of four men from a rival political party that physically assaulted him near his hometown;

---

[1] A similar, more stringent, standard applies to withholding of removal eligibility. 217 F.3d at 655. A petitioner requesting withholding of removal must show a clear probability of future persecution, which is presumed if the petitioner can establish past persecution. *Id.*

2

and second, by local police that hit him and tore his clothes, allegedly because of his affiliation with BSP. Both instances resulted in minor, temporary pain.[2] Considering these events, the BIA concluded that Singh suffered past persecution.

Establishing past persecution for either asylum or withholding of removal relief entitles the petitioner to a rebuttable presumption of future persecution. 8 C.F.R. §§ 1208.13(b)(1); 1208.16(b)(1)(i). One way that the Department of Homeland Security ("DHS") can rebut a petitioner's presumption of future persecution is to demonstrate the "[petitioner] could avoid future persecution by relocating to another part of the [petitioner's] country of nationality . . . and, under all circumstances, it would be reasonable to expect the [petitioner] to do so." 8 C.F.R. §§ 1208.13(b)(1)(i)(B); 1208.16(b)(1)(i)(B); *see Singh v. Whitaker*, 914 F.3d 654, 661 (9th Cir. 2019).

DHS provided substantial evidence that Singh could reasonably relocate within India to avoid future persecution. The BIA agreed. There are regions in India where Singh's party is the dominant and controlling party. In those regions, BSP members are not at risk of persecution on the basis of their political opinion. Moreover, the law in India provides for freedom of movement and the government generally respects those rights. The BIA and IJ conducted an individualized analysis

---

[2] Following these encounters Singh fled to Mumbai, over 900 miles away from his home in Khutar, India, and boarded an international shipping vessel that eventually berthed in Davant, Louisiana.

3

and reasonably concluded that Singh could relocate within India. Substantial evidence does not compel a contrary conclusion to the one reached by the BIA regarding Singh's petition for asylum or withholding from removal.

2.      Next, Singh argues the BIA failed to conduct a proper analysis of whether he is eligible for CAT relief. For CAT relief a petitioner must establish: (1) it is more likely than not he will suffer harm severe enough to constitute torture; and (2) the torture would occur at the hands of a government official, or with the acquiescence of a government official. 8 C.F.R. §§ 1208.16(c)(2); 1208.18(a)(2), (a)(1). Further, a petitioner must demonstrate that he or she faces a "particularized threat" of torture, not a threat of torture in the abstract nor merely a showing that torture occurs in the country of removal. 8 C.F.R. § 1208.16(c)(2); *see Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006). Singh does not meet his burden for CAT relief.

First, the two instances of violence against Singh do not constitute torture. Torture is "severe pain or suffering" resulting from extreme or cruel treatment. 8 C.F.R. § 1208.18(a). Singh was hurt in the encounters; he had some abdominal discomfort both times and a bloody nose from his police interrogation. Afterwards Singh visited a doctor, obtained pain medication, and did not express any significant health concerns. Record evidence does not suggest he endured severe pain or suffered. Singh, in short, was not tortured in the past.

4

Second, even if Singh suffered torture in the past his demonstrated ability to reasonably relocate within India makes it improbable that he will face torture in the future. We have held that reasonable relocation is a relevant consideration when determining whether a petitioner is eligible for CAT protection. *Singh*, 914 F.3d at 663. Substantial evidence shows that Singh is unlikely to be tortured for his political affiliation in other areas of India.

Third, to be eligible for CAT protection Singh must show that he faces a particularized threat of future torture. 8 C.F.R. § 1208.16(c)(2). Singh has shown that political violence occurs in India, but he has failed to show how that amounts to a particularized threat to him should he be repatriated.

The administrative record demonstrates that Singh has not been tortured in the past, he is not likely to be tortured in the future, and he can reasonably relocate within India to mitigate the risk of future torture.

The petition for review is denied and petitioner's motion for stay of removal is denied as moot.